UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CH, by and through his grandparents and next friends, Travis and Linda Watkins, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:08cv0379-AS-CAN |
| MICHAEL DVORAK, ELIZABETH HARDTKE, ERIC NELSON, ST. JOSEPH COUNTY JUVENILE JUSTICE CENTER, and ST. JOSEPH COUNTY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Michael Dvorak, Elizabeth Hardtke, and Saint Joseph County ("defendants"). (Docket No. 9). On August 18, 2008, Plaintiff CH, by and through his grandparents and next friends, filed a complaint in federal court based upon federal question jurisdiction, alleging a Due Process claim and a denial of Equal Protection claim under 42 U.S.C. § 1983, against defendants Dvorak, Hardtke, and St. Joseph County. Against these same defendants, CH also made a state law claim for malicious prosecution. Although not relevant to the pending motion to dismiss, CH also sued Eric Nelson and the Juvenile Justice Center for excessive force. On September 19, 2008, defendants filed a

motion to dismiss for failure to state a claim upon which relief can be granted. A hearing was held on the matter on February 18, 2009. For the reasons set forth below, defendants' motion to dismiss is **GRANTED**.

## Background

The complaint arises from an incident that occurred on or about June 14, 2004, when CH, a 10 year-old boy, was being watched by his neighbors Leo and Jan Feltner, who had 2 children at home, daughters Teana, age 5, and AC, age 10. Leo walked into AC's room, to find AC and CH under the covers in bed with AC's underwear pulled down. Ultimately, CH was prosecuted for attempted rape and child molestation, and was found guilty by the juvenile judge of child molestation. Ind. Code § 35-42-4-3. Elizabeth Hardtke was the prosecutor in CH's trial. CH alleges that Hardtke knew that CH was 10 years old, yet elicited testimony that CH was 11 years of age in order for him to qualify as an "older person" under the statute.

On January 24, 2007, the Indiana Court of Appeals reversed CH's conviction, concluding that there was insufficient evidence that he was older than AC. See CDH v. State, 860 N.E.2d 608 (Ind. App. 2007). CH was later ordered released from custody, after spending over 2 years in a juvenile facility, both at the St. Joseph Juvenile Center, were he was allegedly strapped in a restraint chair by Eric Nelson on one occasion, and at Eau Claire Academy in Wisconsin, were he was once maced. CH now claims that he suffers from below average grades and is angrier and sadder than before.

**Standard of Review**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Challenger v. Local Union No. 1, 619 F.2d 645, 649 (7th Cir.1980). A complaint must allege facts to state a claim to relief that is plausible on its face. Limestone Development Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. Jackson v. E.J. Brach Corp., 176 F.3d 971, 977 (7th Cir. 1999). But the court admits only allegations of fact, and is not required to accept legal conclusions. Fries v. Helsper, 146 F.3d 452, 456 (7th Cir. 1998); Challenger, 619 F.2d at 649. The court's inquiry is not whether plaintiff will ultimately prevail in a trial on the merits, but whether the plaintiff should be afforded an opportunity to offer evidence in support of the claims. Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Cir. 2004) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds).

Furthermore, a complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). Under federal pleading rules, a plaintiff is not limited to or bound by the legal characterizations of his

claims contained in the complaint. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). Although the complaint itself need not specifically or correctly identify the legal basis for any claim, in response to a motion to dismiss that raises issues as to a claim, the plaintiff must identify the legal basis for the claim and make adequate legal arguments in support of it. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041-42 (7th Cir. 1999).

**Discussion**

As to his Due Process and malicious prosecution claims (counts 1 and 3, respectively), the plaintiff has brought suit against defendants Dvorak and Hardke in their individual capacities. (Docket No. 11 at 1). As to his equal protection claim (count 2), the plaintiff has brought suit against the aforementioned defendants in their official capacities. Thus, it is necessary here to deal with the law of Indiana as emanating from the highest court of that state, the various decisions of this Court and from the Southern District of Indiana, decisions from this Circuit, as well as applicable and relevant decisions from the Supreme Court of the United States.

a.   Counts 1 and 3 against Dvorak and Hardtke in their Individual Capacities

Michael Dvorak is the duly elected and serving prosecuting attorney of the judicial circuit that serves St. Joseph County, Indiana and Elizabeth Hardtke is one of his assistants who acted in the aforesaid criminal prosecution. The question then arises as to whether the actions of the prosecuting attorney are subject to some species of common law absolute immunity.

4

The Supreme Court of the United Sates has answered that question in the affirmative in Imbler v. Pachtman, 424 U.S. 409 (1976) (holding that prosecutors are absolutely immune from liability in § 1983 lawsuits based upon prosecutorial actions that are "intimately associated with the judicial phase of the criminal process," such as those underlying a "decision to initiate a prosecution."). See also, Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986) (noting that Imbler immunity shields the prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.").

Indeed, the Unites States Supreme Court recently revisited Imbler, summarizing its grant of absolute prosecutorial immunity. Van De Kamp v. Goldstein, 129 S.Ct. 855, 860 (2009). In Van De Kamp, the Court reiterated the rationale behind Imbler, stating that absolute immunity for prosecutors is necessary because a prosecutor "inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials." Id.

This court does not perceive, as far as the prosecuting attorney is concerned, the need to go farther than Imbler and its progeny. It does, however, need to be added as an additional basis for the aforesaid absolute immunity that the same, in fact, exists under the Indiana Tort Claims Act. Ind. Code § 34-13-3-3 ("A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: . . . (5) the

initiation of a judicial or an administrative proceeding"). See also Noble County v. Rogers, 745 N.E. 2d 194 (Ind. 2001); Foster v. Pearcy, 387 N.E. 2d 446 (Ind. 1979). Accordingly, the Motion to Dismiss is **GRANTED** as to defendants Dvorak and Hardtke on counts 1 and 3 of plaintiff's complaint.

b. <u>Count 2 against Dvorak and Hardtke in their Official Capacities</u>

In count 2 of his complaint, the plaintiff brought an equal protection claim against Dvorak and Hardtke in their official capacities. However, defendants claim that the Eleventh Amendment to the United States Constitution bars plaintiff's equal protection claim. Indeed, federal suits against state officials in their official capacities are barred by the Eleventh Amendment. Brokaw v. Mercer County, 235 F.3d 1000, 1009 (7th Cir. 2000) (citing Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997)). Accordingly, determining whether the Eleventh Amendment bars suit against Dvorak and Hardtke requires an examination of whether the prosecuting attorney in Indiana is a state or county official.[1]

---

1   Plaintiff argues that the Eleventh Amendment's immunity was abrogated by the States when they ratified the Fourteenth Amendment to the United States Constitution. (Docket No, 11 at 5). Although plaintiff is correct that Congress has the power to abrogate the state's Eleventh Amendment immunity through §5 of the Fourteenth Amendment, Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996), the United States Supreme Court has held that Congress has not done so with respect to 42 U.S.C. §1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (U.S. 1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in Quern"). Accordingly, this court's principal inquiry with regard to the defendants and the Eleventh Amendment remains whether the defendants are state officials.

6

The office of prosecutor is created in the Indiana Constitution by Article VII, Section 16, and it is well established that such a prosecutor is a state and not a county official. See Mendenhall v. City of Indianapolis, 717 N.E. 2d 1218, 1225-26 (Ind. App. 1999). Additionally, District Courts in Indiana have found that the office of the prosecutor is created by the Indiana Constitution and is therefore considered an agency of the State of Indiana. See Marvel v. Cooley, 2008 WL 5156635, *5 (N.D.Ind. Dec. 8, 2008); Range v. Brubaker, 2008 WL 1818494, *2-3 (N.D.Ind. Apr. 21, 2008); Higdon v. Myers, 2005 WL 1459511, *2 (N.D.Ind. June 20, 2005).

Lastly, the Court of Appeals of the Seventh Circuit, in an unpublished decision, has ruled that under Indiana law, prosecutors are state officials when prosecuting criminal cases. See, Srivastava v. Newman, 12 Fed. Appx. 369 (7th Cir. 2001) ("The office of prosecutor is a creation of the Indiana Constitution and state statutes govern the prosecutor's duties and powers. For example, a prosecutor in Indiana is responsible for prosecuting virtually all criminal prosecutions on behalf of the state. More specifically, the state determines the prosecutor's salary and provides legal representation to a prosecutor sued in a civil action arising out of the prosecutor's performance of official duties, as well as indemnification against any resulting judgments.").

Thus, Dvorak and Hardtke are Indiana state officials and, as such, they are entitled to

Eleventh Amendment immunity from suits brought against them in their official capacity.[2]
Accordingly, the Motion to Dismiss is **GRANTED** as to defendants Dvorak and Hardtke on count 2 of plaintiff's complaint.

c.   Counts 1-3 against St. Joseph County

To the extent that the plaintiff seeks to impose liability on the County for the alleged unconstitutional acts of Dvorak and Hardtke, their claim must fail. Not only has the United States Supreme Court in Monell v. Department of Social Services, 436 U.S. 658 (1978), expressly rejected municipal liability based on respondeat superior, but as discussed *supra*, Dvorak and Hardtke are state rather than municipal officers.  Indeed, the Indiana Court of Appeals has ruled that a county cannot be held liable in a §1983 action for the prosecutor's actions in prosecuting a civil forfeiture.  See Mendenhall v. City of Indianapolis, 717 N.E. 2d 1218, 1225-26 (Ind. App. 1999).  Similarly, St. Joseph County cannot be held liable for Dvorak and Hardtke's decision to prosecute plaintiff.  As a result,  the Motion to Dismiss is **GRANTED** as to defendant St. Joseph County on counts 1-3 of plaintiff's complaint.

**Conclusion**

Because plaintiff's complaint has failed to state a claim upon which relief can be granted as to defendants Dvorak, Hardtke, and St. Joseph County, defendants' Motion to

---

2   Though plaintiff has cited caselaw contrary to the Seventh Circuit's decision in Srivastava, Hernandez v. O'Malley, 98 F.3d 293, 297 (7th Cir. 1996); Houston v. Partee, 978 F.2d 362 (7th Cir. 1992), those cases both arise out of Illinois rather than Indiana and thus have no bearing upon the issue before this court.

Dismiss is **GRANTED**. With regard to the defendants dismissed herein, each party must bear its own costs. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED:** February 27, 2009**.**

>	/s/ ALLEN SHARP
> **ALLEN SHARP, JUDGE**
> **UNITED STATES DISTRICT COURT**